## Sarah Thompson, Administratrix, Plaintiff in Error, v. Kinloch Long Distance Telephone Company of Missouri, Defendant in Error.

1. ROADS AND BRIDGES, § 196*—*when instruction on liability of telephone company for placing poles in road not improper.* In an action by an administrator to recover damages for the death of deceased, alleged to have been caused by the negligence of defendant in placing a telephone pole in the road so that a cart in which deceased was riding came in contact therewith and deceased was thrown out and killed, an instruction to the effect that it is immaterial whether the pole was placed in the road with the consent of the highway commissioners or other public authorities, *held* proper where plaintiff's declaration does not allege the road is a public highway.

2. ROADS AND BRIDGES, § 2*—*public and private roads.* A private roadway, although used by the public, is not necessarily a public road in contemplation of the statute.

3. ROADS AND BRIDGES, § 196*—*when declaration does not allege road is a public road.* Allegation that a road is used by the public

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

is not an allegation that it is a public road, and the fact that the court admitted evidence offered to show that the road was a public one does not broaden the allegations of the declaration.

Error to the Circuit Court of Clay county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

SCHAEFER & KRUGER and T. R. MOULD, for plaintiff in error.

WM. R. ORTHWEIN and KRAMER, KRAMER & CAMP-BELL, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff in error, as administratrix of the estate of her deceased husband, brought this suit against defendant in error to recover damages for alleged negligence in placing a telephone pole in the road so that the cart in which her husband was riding came in contact with it and he was thrown out and killed.

Defendant in error is the Kinloch Long Distance Telephone Company of Missouri. There is a small unincorporated village by the name of Donkville, located in Madison county about two miles north of the city of Collinsville. There are about forty houses in the village. At the west side of the village is a coal mine. There is a forty foot road running north from Collinsville to Donkville and on beyond. At Donkville a road leads directly west to said coal mine. At the place where the road leaves the Collinsville road and goes west, defendant in error had placed one of its poles. This is the pole the placing of which, it is claimed, caused the injury complained of. The pole was placed at the southerly corner line of said road, about six feet from the corner of the fence, which inclosed a lot, on the east side of which lot is the Collinsville road and the north side the road in question. In making the turn west at this point the beaten track ran within

about two feet of the said pole. This pole had been maintained there for six or seven years prior to the accident. On the morning of the accident the plaintiff's intestate was riding alone in a two-wheeled cart drawn by a horse along the road in question, driving northwestward in the beaten track, and when within a few feet of the angular turn in the road a tin can or bucket became fastened to the tire of the wheel of his cart and made a noise by striking the ground, which caused the horse to jump sideways to the left and the wheel of the cart struck said pole and threw him to the ground and injured him so that within a few days he died.

The trial resulted in a verdict and judgment in bar for defendant. Plaintiff appeals.

The errors assigned on the ruling of the court concerning the admissibility of evidence and the giving of instructions do not require serious consideration here outside of defendant in error's fourth instruction. This instruction is as follows: "The Court instructs the jury that even though you may believe from the evidence that the pole in question was placed in the road in question without the consent of the Highway Commissioners or other public authorities, still the plaintiff in this case cannot complain of that fact and so far as this case is concerned that fact is wholly immaterial."

If the road in question was not a public road the Highway Commissioners would have no jurisdiction over it. A private roadway, although used by the public, is not necessarily a public road in contemplation of the statute. This instruction challenges both the pleadings and the evidence. On examination of the plaintiff's declaration we find it nowhere alleges that the road is a public highway. It is referred to in the declaration simply as a road used by the public. The fact that the court admitted evidence offered by plaintiff in her attempt to show that said road was a public road could not be regarded as sufficient to broaden the

allegations of the declaration so as to include a public road, even if the proofs established such fact.

There is a wide distinction between roads which are under the control of the public authorities and designated as public roads and that class of roads known as private roads or neighborhood roads and which are under the supervision of no public authorities.

It is a settled rule of law that a party cannot make one case by his declaration and a different one by the evidence.

The declaration does not support the contention of plaintiff in error that the placing of the pole in the public highway created a nuisance *per se*. The giving of the fourth instruction was not error considering the state of the pleadings. Had the declaration charged the negligent and illegal placing of the pole in a public highway the criticism of the instruction would be well made, for the reason that the question whether the road was a public one and whether authority had been given to so place it would be for the jury to determine.

However, the case seems to have been tried by the plaintiff in error on the theory that it was a public road, and the questions whether the road was a public one and also whether the defendant in error, without authority, negligently placed a pole in the public road were submitted to the jury, and the jury found adversely to plaintiff on both questions. The instructions were fully as favorable to plaintiff as the issues and proofs warranted.

It would serve no good purpose to enter upon a discussion of all the points raised in the argument as to what constitutes a public road, by dedication or user, since under the pleadings and evidence the verdict was clearly right, and the judgment of the lower court will have to be affirmed.

*Judgment affirmed.*